IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYTOSPORT, INC., a California corporation,  )
          Plaintiff,  )
    v.  )
PALEO BRANDS INC., a California corporation doing business as EVOLVE FOODS,  )
          Defendant.  )

2:12-cv-02847-GEB-KJN

<u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE</u>

        The November 21, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on March 18, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The November 21, 2012 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than March 15, 2013, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its

counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on May 13, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that the failure to serve Defendant with process within the 120 day period prescribed in that Rule may result in this action being dismissed. To avoid dismissal, on or before March 22, 2013, Plaintiff shall file proof of service or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated:  March 11, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).